# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLUMBERS AND PIPEFITTERS LOCAL
UNION NO. 803 HEALTH & WELFARE FUND,
DAVID GARLINGTON, GARY MONSON,
BRAD GRABILL, BERNARD HORNE, AUDIE
BAILEY, TIM MILES, PAUL JONES and
CHARLES V. NEWARK,**

      **Plaintiffs,**

**v.**                                                              **Case No: 6:13-cv-574-Orl-31TBS**

**SYSTEM TECH SERVICES, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss Amended Counterclaim (Doc. 31) filed by the Plaintiffs and the response in opposition (Doc. 32) filed by the Defendant, System Tech Services, Inc. ("System Tech"). In their complaint (Doc. 1), the Plaintiffs allege that the Defendant failed to tender a monthly insurance contribution for August 2012 pursuant to the terms of a collective bargaining agreement. In its Amended Counterclaim (Doc. 30), System Tech seeks the return of contributions it made for the five months preceding August 2012 and restitution for amounts it spent to obtain alternative insurance coverage after it was terminated as a contributing employer.

By way of the instant motion, the Plaintiffs seek dismissal of the Amended Counterclaim on the grounds that the two counts contained therein – one for unjust enrichment and one for restitution – are preempted by ERISA. The Plaintiffs purport to attach the pertinent collective

bargaining agreement and certain plan documents as exhibits to the motion; however, those documents were not attached. Accordingly, it is hereby

**ORDERED** that on or before October 15, 2013, the Plaintiff shall file the pertinent collective bargaining agreement and plan documents with the Court.[1]

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2013.

*(signature)*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Defendant argues that these documents cannot properly be considered in connection with a motion to dismiss. By requesting the documents, the Court is not ruling on that argument. Even if they cannot be considered as part of a Rule 12 motion, those documents should be (and were intended by the Plaintiffs to be) part of the record in this case.