# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 803 HEALTH & WELFARE FUND, DAVID GARLINGTON, GARY MONSON, BRAD GRABILL, BERNARD HORNE, AUDIE BAILEY, TIM MILES, PAUL JONES and CHARLES V. NEWARK,**

                **Plaintiffs,**

**v.**                                          **Case No:  6:13-cv-574-Orl-31TBS**

**SYSTEM TECH SERVICES, INC.,**

                **Defendant.**

_____

## ORDER

This matter comes before the Court *sua sponte*.  The Plaintiffs allege that the Defendant was party to a collective bargaining agreement that obligated it to tender contributions to an employee health and benefit fund.  (Doc. 1 at 3).  They have sued to recover a contribution the Defendant allegedly failed to make in August 2012.  (Doc. 1 at 3-4).  The Defendant has counterclaimed to recover contributions it made to the fund in the five months preceding August 2012. (Doc. 30).

The Plaintiffs have sought dismissal on the grounds that the Defendant's two counterclaims – for unjust enrichment and restitution, respectively – are preempted by ERISA or precluded because a contract  existed between the parties.  Despite referring to it in both the complaint and the motion to dismiss, the Plaintiffs failed to attach the collective bargaining agreement to either document.  The Court ordered the Plaintiffs to file the agreement (and the

underlying plan documents).   (Doc. 33).   The Plaintiffs have responded (Doc. 34), but the agreement attached to the response (Doc. 34-1) is between the union and the "Mid Florida Mechanical Contractors Association," rather than System Tech Services, Inc.   There is no explanation as to why the Defendant would be bound by this agreement.   In addition, the Defendant denies being party to a collective bargaining agreement with the Plaintiff (Doc. 7 at 2) and, in its response to the motion to dismiss its counterclaims, the Defendant "disputes the authenticity" of the referenced documents.  (Doc. 32 at 6).[1]

Based on the allegations of the complaint and the counterclaim, it is apparent that there was some sort of agreement between the parties here.   However, it is not clear whether the agreement provided by the Plaintiffs is the operative agreement.   Moreover, in the absence of a contract, the Court cannot even be certain that this is an ERISA case and that it therefore possesses subject matter jurisdiction.

To eliminate this uncertainty, it is hereby

**ORDERED** that the Complaint and the Counterclaim are **DISMISSED WITHOUT PREJUDICE,** and all pending motions are **DENIED AS MOOT.**   On or before December 6, 2013, the Plaintiffs shall file an amended complaint and attach to that amended complaint a copy

---

[1] This is a neat trick, given that those documents had yet to be filed at the time the Defendant made this announcement.

of the plan terms and any relevant agreements between the Defendant and any of the Plaintiffs.[2]

The Defendant shall have ten days to file its response.

      **DONE** and **ORDERED** in Orlando, Florida on November 21, 2013.

 

 

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] If the agreement does not refer to the Defendant, the Plaintiffs should include some explanation as to why, in their opinion, the Defendant is bound by the agreement.