# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 803 HEALTH & WELFARE FUND, DAVID GARLINGTON, GARY MONSON, BRAD GRABILL, BERNARD HORNE, TIM MILES, PAUL JONES and CHARLES V. NEWARK,**

      **Plaintiffs,**

**v.**                                                **Case No:   6:13-cv-574-Orl-31TBS**

**SYSTEM TECH SERVICES, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court on dueling motions to dismiss filed by the Defendant (Doc. 44) and the Plaintiffs (Doc. 46).

### I.    Background

The Plaintiffs filed the instant suit on April 9, 2013, seeking to recover, under ERISA, approximately $7,000 in monthly contributions that the Defendant, System Tech Services, Inc. (henceforth, "System Tech") allegedly failed to pay to the Plumbers and Pipefitters Local Union No. 803 Health & Welfare Fund (the "Fund").   On May 15, 2013, System Tech filed an answer and counterclaim (Doc. 7) seeking to recoup approximately $70,000 in contributions that it had made to the Fund.   On November 21, 2013, the Court dismissed the parties' pleadings without prejudice and ordered the Plaintiffs to file an amended complaint, attaching terms of the ERISA plan and any relevant agreements between the Defendant and any of the Plaintiffs.   (Doc. 36). The Plaintiffs filed an Amended Complaint (Doc. 39) on December 13, 2013, with numerous

documents attached.  The Defendant filed a Second Amended Counterclaim (Doc. 43) on December 23, 2013.  By way of the instant motions, the Defendant seeks dismissal of the Amended Complaint, while the Plaintiffs seek dismissal of the Second Amended Counterclaim.

**II.    Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); see also *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level,  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the

defendant unlawfully harmed me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the plaintiff is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   Analysis

### A.  Defendant's Motion to Dismiss

Defendant argues that dismissal of the Amended Complaint is warranted because the Plaintiffs failed to abide by this Court's order to attach certain documents to the Amended Complaint and because the page numbering of one document attached to the Amended Complaint is different now than it was when it was produced on a previous occasion.   However, even assuming these things to be true, they would not justify dismissal pursuant to Rule 12(b)(6) because they do nothing to establish that the Plaintiff has failed to state a claim upon which relief may be granted.

The Defendant also complains that several terms used in the Amended Complaint are not defined or are contradictory.   Again, even if these assertions are taken as true, they do not warrant dismissal.   The Defendant also argues that the Plaintiffs have failed to "identify any provision within any agreement attached to the Amended Complaint which requires System Tech to pay the alleged delinquent contributions" (Doc. 44 at 6) and have failed to allege that all conditions precedent have been performed (Doc. 44 at 10), but fail to provide any authority showing that either of these are mandated in an ERISA case.   The Defendant's motion to dismiss will be denied.

### B. Plaintiff's Motion to Dismiss

In its Second Amended Counterclaim (Doc. 43), System Tech acknowledges that the Fund is "an employee health and welfare benefit plan" and alleges that it "prepaid contributions [to the Fund] for its … employees for the purpose of receiving health insurance coverage under the Fund." (Doc. 43 at 2). More particularly, System Tech alleges (and the Plaintiffs do not dispute) that the company made monthly contributions from March 2012 to July 2012, totaling $67,187.50, for insurance coverage that would have begun in July 2012 and run through March 2013. System Tech asserts that the Fund "unilaterally terminated health insurance coverage for System Tech's employees and their families under the Fund effective August 31, 2012," and that "System Tech was required to obtain replacement health insurance for its employees and their families." (Doc. 43 at 2-3). The Defendant asserts two causes of action based on the alleged failure to provide health insurance benefits: unjust enrichment (Count I) and restitution (Count II).

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), pre-empts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. It is undisputed that the Fund is such a plan. System Tech argues that its equitable claims for unjust enrichment and restitution are not preempted because they are federal common law claims rather than state law claims. (Doc. 50 at 6). As System Tech notes, a number of Federal courts have recognized federal common law causes of action in ERISA cases to permit employers to recover overpayments. *See National Mining Ass'n v. Apfel*, 97 F.Supp.2d 1070, 1079 (N.D.Ala. 1999) (listing cases). The Plaintiffs contend that the United States Court of Appeals rejected this argument in *Dime Coal Company, Inc. v. Combs*, 796 F.2d 394 (11th Cir. 1986). In that case, the court held that the ERISA statutes "neither expressly nor by reasonable implication vest in contributing employers the right to bring suit to require the trustees of a multiemployer plan to

return contributions that were mistakenly made." *Id.* at 396.   But the *Dime Coal* court was considering only the question of whether such causes of action exist under ERISA -- rather than, as here, whether such causes of action might exist under federal common law.   Although it is at least arguable that the rationale behind *Dime Coal* would also require a conclusion that no such cause of actions exist under federal common law, that question remains open within this Circuit.

However, all of the parties' discussion of *Dime Coal* is beside the point, as this is not an overpayments case.   This is a breach of contracts case.   In the opinions cited by the Defendant, courts allowed employers to proceed with common law claims to recover sums paid by mistake. *See*, *e.g.*, *Central States, Southeast and Southwest Areas Pension Fund v. Howard Baer, Inc.*, 753 F.Supp. 241 (N.D.Ill. 1991) (permitting federal common law claim to proceed where employer "allege[d] that it mistakenly paid certain sums of money to the Pension Fund during the period June 29, 1980 to March 1990."); *and see Apfel*, 97 F.Supp.2d 1070 (permitting federal common law claim to proceed where Secretary of Health and Human Services miscalculated amounts that employers were obligated to pay into union benefit fund, resulting in overpayments).   Here, there was no mistake or miscalculation.   In the words of the Defendant:

> [T]he Counterclaim does not allege that the Prepaid Contributions
> were made by mistake; rather, the Counterclaim seeks a return of the
> Prepaid Contributions on equitable grounds due to the Fund's failure
> to provide the paid-for health insurance coverage for System Tech's
> employees and their dependents.

(Doc. 50 at 9).   Thus, the heart of System Tech's claim is a denial of benefits, not an overpayment.   The law is clear that, under ERISA, only two categories of individuals are permitted to sue for denial of benefits: plan beneficiaries and plan participants.   *Hobbs v. Blue Cross Blue Shield of Alabama,* 276 F.3d 1236, 1241 (11th Cir. 2001) (*citing Engelhardt v. Paul*

*Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998).   System Tech is neither.[1]   None of the cases cited by the Defendant permit an employer to bring a breach of contract claim (under federal common law or otherwise) against an ERISA plan based on a denial of benefits to that employer's employees, and the court's research has not uncovered any.   Accordingly, the Amended Counterclaim must be dismissed.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss filed by the Defendant (Doc. 44) is **DENIED.** And it is further

**ORDERED** that the Motion to Dismiss (46) filed by the Plaintiffs is **GRANTED.**[2]   The Second Amended Counterclaim is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 28, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Under ERISA, a "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).   A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

[2] Insofar as the Plaintiffs sought to recover attorney's fees via this motion, the request is premature and therefore denied without prejudice.