# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 803 HEALTH & WELFARE FUND, DAVID GARLINGTON, GARY MONSON, BRAD GRABILL, BERNARD HORNE, TIM MILES, PAUL JONES and CHARLES V. NEWARK,**

      **Plaintiffs,**

**v.**         **Case No: 6:13-cv-574-Orl-31TBS**

**SYSTEM TECH SERVICES, INC.,**

      **Defendant.**

## OPINION AND ORDER

This is an ERISA case.

Plumbers and Pipefitters Local Union No. 803 Health & Welfare Fund (the "Fund") and its trustees filed suit against System Tech Services, Inc. ("System Tech") to recover approximately $7,000 of contributions allegedly owed to the Fund for August, 2012.[1] (Doc. 39). A bench trial was conducted on July 29, 2014. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court makes the following finding of fact and conclusions of law.

Background

The Fund is an employee health and welfare plan within the meaning of 29 U.S.C. §1002(a) – ERISA. System Tech is a local plumbing contractor that employed members of Plumbers and Pipefitters Local Union No. 803 ("Local 803").

---

[1] The Defendant filed a counterclaim, asserting claims for unjust enrichment and restitution, but the Court granted the Plaintiffs' motion to dismiss due to lack of standing. *See* Doc. 55.

On February 19, 2001, Robert Towe, System Tech's president, executed a collective bargaining agreement ("CBA") with Local 803.  (Plaintiff's Ex. 2).   That agreement required System Tech to deduct a certain percentage of the gross taxable wages of each union employee and forward it to the Fund for health and welfare benefits.   Thereafter, System Tech began to pay into the Fund in accordance with the CBA.

The employee benefit plan which was funded by employees' contributions under the CBA was amended and restated effective August 1, 2011.   (Plaintiff's Ex. 15).   Under the plan, a contribution period is separated by three months from the beginning of the corresponding eligibility period.   (Plaintiff's Ex. 15, p. 3).   Thus, for example, contributions for the quarter comprising July through September would provide eligibility for the months of January through March of the following year.   (Plaintiff's Ex. 15, p. 3).

System Tech made regular contributions to the Fund until the summer of 2012.   On June 28, 2012, Robert Towe sent a letter to Local 803, stating:

> Due to the recent filed lawsuit brought against System Tech Services, Inc. by Local Union 803 and its board of trustees,[2] we are providing Local 803 with a 60 day notice of termination of any such agreements, assumed, written, verbal or otherwise.   Pending the outcome of this lawsuit, we may or may not negotiate or sign any future agreements with Local 803.

(Plaintiff's Ex. 6).   On June 29, 2012 the Local 803 business manager responded as follows: "We acknowledge receipt of your termination of contract effective 60 days from the date of this letter.   A duly signed copy signifying receipt of your termination is attached for your perusal and use."   (Plaintiff's Ex. 7).   By letter dated August 30, 2012, Plaintiffs notified System Tech's employees that their health insurance coverage would terminate August 31, 2012.

---

[2] In June, 2012, Local 803 sued System Tech, seeking to conduct an audit.   Case No. 6:12-cv-903-Orl-22KRS.   That lawsuit was later dismissed.

- 2 -

System Tech did not make the August 2012 contribution to the Fund, which was due on September 20, 2012 (Doc. 59, p. 8).   That contribution is the subject of this lawsuit.

Findings of Fact.

The CBA executed by System Tech in February 2001 covered the period September 2, 2000 to August 31, 2005.   It provided that:

> This Agreement shall be in full force and effect from September 1, 2000 to August 31, 2005 and shall continue from year to year thereafter unless either party to the other party sixty (60) days prior to such anniversary date gives notice of termination or amendment in writing.

Subsequent CBAs were negotiated, the last being for the period 2011 to 2012.   (Plaintiff's Ex. 4). These later agreements changed the percentage contribution required, but the substance of the agreements remained substantially the same.   System Tech did not sign the subsequent agreements.

System Tech first gave notice of its intent to terminate in June 2012, effective on the anniversary date -- August 31, 2012.   System Tech's employees were covered under the plan through August, 2012, but System Tech did not make its August 2012 payment in the amount of $7,230.16.[3]

Conclusions of Law.

1. This Court has jurisdiction under Sections 502(e)(1) and 502 (e)(2) of ERISA, 29 U.S.C. § 1132 (e)(1) and (2).

2. System Tech was obligated by contract to make its August 2012 contribution to the Fund in the amount of $7,230.16.

3. System Tech failed to make that payment.

---

[3] The Defendant did not challenge the Plaintiffs' calculation of this figure.

- 3 -

<u>Conclusion</u>.

System Tech is bound by the terms of the 2001 to 2005 collective bargaining agreement as modified by the subsequent agreements.   System Tech and its employees received the benefit of the health and welfare plan through August 31, 2012, and System Tech is obligated by the CBA and equitable principles to pay its August installment.   It is, therefore

**ORDERED** that judgment shall be entered for Plaintiffs and against Defendant in the amount of $7,230.16.   The Court reserves jurisdiction to assess fees and costs as appropriate.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 21, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party